IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO RIOS, Administrator of the Estate of PEDRO RIOS, JR., deceased, <br>                                 Plaintiff, <br>                        v. <br><br> CITY OF CHICAGO, a municipal corporation, NICHOLAS REDELSPERGER and ERIC BELLOMY, <br>                                Defendants. | ) <br> ) <br> ) <br> ) Case No. 15 cv 03119 <br> ) <br> ) **Jury Demanded** <br> ) The Honorable Milton I. Shadur <br> ) <br> ) |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, Pedro Rios, Administrator of the Estate of Pedro Rios, Jr., deceased, by his attorneys, Mark A. Brown and Lane & Lane, LLC, and as his complaint against the defendants, states the following:

Jurisdiction and Venue

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

1

Parties

3. Plaintiff, PEDRO RIOS brings this action as the Administrator of the Estate of PEDRO RIOS, JR. (hereinafter "RIOS"), deceased. PEDRO RIOS is the father of PEDRO RIOS, JR. PEDRO RIOS, JR., 14 years old, was a resident of the City of Chicago, County of Cook, State of Illinois, in this District.

On July 4, 2014, PEDRO RIOS, JR. was shot and killed by a Police Officer employed by the CITY OF CHICAGO. PEDOR RIOS, JR. died on July 4, 2014 at the scene of the shooting. However, the death certificate states that PEDRO RIOS, JR. died on July 5, 2014. PEDRO RIOS, JR. died as a result of the injuries he sustained at the hands of defendants.

4. At all times material hereto defendants, NICHOLAS REDELSPERGER and ERIC BELLOMY, were sworn law enforcement officers employed by the City of Chicago. At all times material hereto Officers Redelsperger and Bellomy were acting under color of state law and within the scope of their employment with the City of Chicago.

5. The defendant City of Chicago (hereinafter "CITY") is an Illinois municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the CITY was the employer of defendants, Officers Redelsperger and Bellomy, and other police officers involved in varying degrees in the events at issue.

6. At all times relevant on July 4, 2014, Officers Redelsperger and Bellomy were on patrol in the general area of Cicero Ave. and Berenice Ave. in the City of Chicago.

7. On July 4, 2014, Officers Redelsperger and Bellomy observed the decedent, RIOS, walking in the area of Cicero Ave and Berenice Ave.

8. While the decedent was walking at or near the intersection, Officers Redelsperger and Bellomy pulled their marked vehicle near the decedent; the decedent attempted to leave the area and ran into an alley when he was shot by Officer Redelsperger.

9. After being shot by Officer Redelsperger, the decedent attempted to run away and then was struck by the marked police vehicle driven by Officer Bellomy.

10. Officer Redelsperger has claimed that the decedent was carrying a gun and pointed it at him multiple times.

11. At or before the time shots were fired at the decedent, the teenager did not point the gun at the officers and did not pose a threat of harm to Officers Redelsperger or Bellomy or any other individual(s) in the area of the shooting.

12. According to the Cook County Medical Examiner, the decedent died of multiple gunshot wounds in the back fired by Officer Redelsperger.

13. By reason of the above-described acts and omissions of the defendant police officers, plaintiff, PEDRO RIOS, sustained economic injuries, physical injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

14. The aforementioned acts of the Officers Redelsperger and Bellomy were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

## COUNT I
### EXCESSIVE FORCE (Individual defendants) - 42 U.S.C. § 1983

15. Plaintiff re-alleges and incorporates paragraphs 1-14, above, as if fully restated herein as this paragraph 15.

16. At all times relevant hereto, plaintiff's decedent had the right to be free from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

17. As described above, Officers Redelsperger and Bellomy violated the plaintiff's decedent's right to be free from unreasonable, malicious, excessive force when he/they shot him causing multiple gunshot wounds which proximately caused his death.

18. As result of defendants' concerted unjustified and excessive use of force, plaintiff's decedent suffered injuries and pain, as well as severe emotional distress.

19. Officer Bellomy, who allegedly did not fire his weapon, was present at the scene of this occurrence and had a reasonable opportunity to intervene to prevent the harm done to plaintiff's decedent, and should have intervened to prevent his partner's unjustified and excessive use of force in shooting the plaintiff's decedent.

20. As a result of that failure to intervene, plaintiff's decedent suffered pain and injury, and ultimately death.

21. The misconduct described in this Count I was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to plaintiff's decedent's constitutional rights.

22. The misconduct described in this Count I was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**COUNT II**
**WRONGFUL DEATH - STATE LAW**

23. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-22, above, as and for this paragraph 23.

24. At the aforesaid place and time, the CITY, by its agents and employees, including but not limited to Officers Redelsperger and Bellomy, was under a duty to avoid willful and wanton misconduct while conducting police activities.

25. At all times relevant, it was the duty of the CITY, by and through its duly authorized agents, servants, and/or employee police officers, to refrain from conduct exhibiting a reckless or conscious disregard for the safety of others, including the plaintiff's decedent.

26. Moreover, at the aforesaid time and place, the CITY, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and the Chicago Police Department's General and Special Orders.

27. Notwithstanding these duties, the CITY, by its authorized agents, servants, and/or employee police officers committed one or more of the following willful and wanton acts and/or omissions:

    a. Used deadly force against plaintiff's decedent under circumstances in which he presented no threat of death or serious bodily harm to the police officers or any other individual;

    b. Discharged a firearm at plaintiff's decedent under circumstances in which he presented no threat of death or serious bodily harm to the police officers or any other individual;

    c. Discharged a firearm at plaintiff's decedent when he was unarmed;

    d. Discharged a firearm at plaintiff's decedent when the individual defendant police officers knew or should have known that he was not armed with a gun or any other weapon;

  e.  Recklessly and intentionally discharged a firearm at plaintiff's decedent knowing that it would cause his death or serious bodily injury;

  28. That the aforesaid acts were committed and occurred with reckless disregard for the safety of others, including but not limited to plaintiff's decedent and constituted willful and wanton conduct.

  29. As described in the preceding paragraphs, the conduct of Officers Redelsperger and Bellomy, acting within the scope of their employment, constituted unjustified and offensive physical contact, was undertaken willfully and wantonly, and proximately caused injury and death to plaintiff's decedent.

  30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others, including plaintiff's decedent.

  31. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions, plaintiff's decedent was shot and died.

  32. The misconduct described in this Count was undertaken by Officers Redelsperger and Bellomy within the scope of their employment such that their employer, the CITY, is liable for their actions.

  33. As a direct and proximate result of the death of plaintiff's decedent, his father, plaintiff PEDRO RIOS, as well as his mother, Laura Rios, and his siblings, Andy Rios, Mauricio Rios and Edwin Rios have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of the decedent.

WHEREFORE, plaintiff, PEDRO RIOS, Administrator of the Estate of PEDRO RIOS, JR., deceased, respectfully requests that judgment be entered in his favor for compensatory damages against all of the named defendants, for punitive damages against the yet officer defendants, and that he be awarded his costs and a reasonable attorney's fee pursuant to the provisions of Title 42 U.S.C. § 1988, in addition to any other relief from this Court deemed just and proper.

/s/ Mark A. Brown
One of the attorneys for plaintiff


MARK A. BROWN
LANE & LANE, LLC
Attorneys for the Plaintiff
230 W. Monroe St., Suite 1900
Chicago, Illinois 60606
(312) 332-1400
markbrown@lane-lane.com