# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PEDRO RIOS**, Administrator of the Estate of **PEDRO RIOS, JR.**, deceased, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 15 C 3119 |
| **CITY OF CHICAGO**, a municipal corporation, **NICHOLAS REDELSPERGER** and **ERIC BELLOMY**, ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This action has been brought by Pedro Rios ("Rios"), as Administrator of the Estate of his now-deceased 14 year old son Pedro Rios, Jr., invoking both 42 U.S.C. § 1983 ("Section 1983") and Illinois state law as the predicates for holding the City of Chicago (the "City") and two of its police officers responsible for the teenager's fatal shooting. This memorandum opinion and order is issued sua sponte to address some problematic aspects of the Answer and Affirmative Defenses ("ADs") to Rios' First Amended Complaint ("FAC").

To begin with, the Answer does not play its appropriate role in the regime of notice pleading that exists in the federal court system (and is, indeed, one of its principal strengths). Several paragraphs of the Answer (see Answer ¶¶ 16 and 24-26) assert that the allegations in the corresponding paragraphs of Rios' FAC are not accurate statements of the deceased youngster's rights or of the duties imposed by law on defendants -- the City and its officers -- "and therefore deny the allegations." That is not enough -- defense counsel must return to the drawing board and either spell out the claimed deficiencies in Rios' allegations or alternatively restate the parties' rights and duties in what defendants contend are the proper terms.

At least just as importantly, the purported ADs that follow the Answer itself are in the boilerplate format too often received from counsel representing governmental defendants, rather than conforming to the requirements imposed by Fed. R. Civ. P. 8(c) and the caselaw construing it -- in that respect, see App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In particular:

1. When the allegations of the FAC are credited, as they must be for AD purposes, AD 1 clearly does not apply. It is stricken.

2. AD 2 ignores the allegations of FAC ¶¶ 14, 16, 17, 22 and 27-30 (all of which, as stated earlier, must be credited for AD purposes), so that AD 2 is stricken as well.

3. AD 3 is not in play because the FAC asserts its claims against each of the individual officers attributable to his own alleged conduct. It too is stricken.

4. AD 4 is wholly speculative at this point (as evidenced by its "To the extent . . ." beginning). It is also stricken, but without prejudice to its being advanced at some future point in the proceedings if evidence emerges as to any conduct of the decedent that would bring the issues raised by AD 4 into the case.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 28, 2015